Darryel K. LOWE, Appellant,

v.

LABOR AND INDUSTRIAL RELATIONS COMMISSION of Missouri and Division of Employment Security of Missouri and Percy Bag Company, Inc., Respondents.

No. WD 30906.

Missouri Court of Appeals, Western District.

Feb. 4, 1980.

Daniel J. Devine, Legal Aid of Western Missouri, Kansas City, for appellant.

Sharon A. Willis, Kansas City, Rick V. Morris, Jefferson City, for Division of Employment Security of Missouri.

Kevin M. Hare, Jefferson City, for Labor & Industrial Relations Com'n of Missouri.

Before CLARK, P. J., and DIXON and SOMERVILLE, JJ.

CLARK, Presiding Judge.

Darryel Lowe appeals the order of the circuit court entered upon review of a decision of the Labor and Industrial Relations Commission which denied Lowe unemployment benefits under the Missouri Employment Security Law, Chapter 288, RSMo 1978. The issue ruled adversely to Lowe by the Commission and briefed and argued before the circuit court and before this court turned on whether Lowe left his employment voluntarily without good cause attributable to his work or to his employer.

The unusual record in this case initially raises procedural and jurisdictional issues which require resolution by reason of significant consequences in ultimate disposition of the case. Although not raised by the parties, this court must consider jurisdictional defects, if present, sua sponte. *Marsch v. Williams*, 575 S.W.2d 897 (Mo. App.1978). Nominally, Lowe's appeal is from a judgment entered by the circuit court January 8, 1979 affirming the Commission's denial of benefits. For the reasons hereafter given, however, we conclude that final judgment was actually entered April 17, 1979 and was in Lowe's favor ordering a remand of the case to the Commission for rehearing.

The record here reflects that after the summary denial on January 8 of Lowe's petition for review, he moved on January 19

to set aside that order. The court invited argument, briefs were filed and on April 17 the circuit court sustained Lowe's contention that the order of the Commission had been in error and returned the case to the Commission for rehearing. Thereafter, the circuit court entered an order on April 24, 1979, the full content of which as set out in the transcript is:

> "Order herein dated April 17, 1979 is modified to show the date it was actually entered, April 20, 1979."

In the absence of any motion or other pleading contained in the transcript, it must be and is assumed that the order of April 24, 1979 was entered by the court sua sponte without elucidation of the basis of origin in the case record, if any, and without notice or hearing.

While it was unnecessary for Lowe to file a motion for new trial to preserve points of error in a court-tried case for appellate review (Rule 73.01), the effect of the motion for reconsideration which he filed January 19, 1979 was to initiate procedures under Rule 78 otherwise applicable in jury-tried cases. Under Rule 78.06, the court was obligated to rule on Lowe's motion on or before April 19, 1979, the ninetieth day after filing. Absent such express ruling, the motion is deemed to have been overruled at the expiration of the time provided in the rule. Thus, the order entered by the circuit court on April 17 as originally shown would have been effective to return the case to the Commission for rehearing. The same order, however, would have been a nullity if entered April 20, because on that date the court no longer had jurisdiction. *Wooten v. Howerton*, 521 S.W.2d 478 (Mo. App.1975).

The parties here have assumed in their briefs that the court's order of April 24 effectively revised the date of the April 17 entry to April 20 and because such date was beyond the jurisdictional time limits for action on Lowe's motion, the consequence was to reinstate the original judgment of January 8. Thus, Lowe, who prevailed under the April 17 entry but was aggrieved by the January 8 order, has appealed.

The assumption regarding the attempted corrective order of April 24 is erroneous. If in fact the circuit court made no order in the case on or before April 19, then jurisdiction was lost thereafter, not only nullifying any order attempted to be entered April 20, but equally rendering ineffective an order on April 24. Conversely, if the existence of an order made April 17 be employed as the basis contended to support a corrective order entered April 24 under Rule 75.01, then the recognition of the prior order operates to deprive the correction of factual validity.

■ The April 1979 entries in the case do suggest that by some clerical error the date of April 17 was recorded as the date of judgment, when the action of the court on Lowe's motion was actually taken on April 20. Were such the case, the proper method for conforming the record to the events would be an entry nunc pro tunc, if the clerical error is discernible from the face of the record. A corrective entry nunc pro tunc would not be subject to the infirmity otherwise attendant upon the expiry of jurisdiction in the trial court after April 19 because lapse of time alone does not bar correcting the record to show the court's prior action. 60 C.J.S. *Motions and Orders* § 59(2)(d); *Johnston v. Ragan*, 265 Mo. 420, 178 S.W. 159, 164 (1915). To constitute a valid correction nunc pro tunc, however, the entry must show that it is based on some record, either from the judge's minutes, the clerk's entries or some paper in the cause supplying the facts which authorize the corrective entry. *Warren v. Drake*, 570 S.W.2d 803, 806 (Mo.App.1978).

■ The transcript record here shows that the trial court ruled on April 17, reconsidering under Lowe's motion the prior disposition of the case, and directed that the cause be returned for rehearing. That entry carries with it the presumption that it correctly states the disposition which in fact was made. *Martin v. Martin*, 534 S.W.2d 621, 626 (Mo.App.1976). This presumption must extend to the recording of date of entry, thus creating an affirmative burden to show a different date if an alteration is

to be made, and then only if it be shown by competent evidence that the different judgment (i. e., the date of April 20 rather than April 17) was in fact recorded. *Aronberg v. Aronberg*, 316 S.W.2d 675, 681 (Mo.App. 1958).

In the subject case, the change of date which, for the reason stated, would operate to nullify the April entry and reinstate the January order, was apparently made without notice to the parties, without application or hearing and with no record indicating what facts prompted the change. The purported corrective order of April 24 therefore cannot be valid as an order nunc pro tunc because it is not shown to be supported by any contemporaneous memorandum or record verifying that the true date of original entry was April 20 rather than April 17 as recorded. The order of April 24 is otherwise ineffective because dated after expiration of the trial court's jurisdiction under the facts recited in the order.

In sum, the final judgment in the case is represented by the order dated April 17, 1979 reversing the decision of the Labor and Industrial Relations Commission and any orders of April 20 and April 24, 1979 are nullities. The prior judgment of January 8, 1979 did not mature to a final judgment by reason of Lowe's motion for reconsideration and the action taken thereon April 17. If there be a currently pending appeal, it must therefore be from the judgment of April 17 thus producing the incongruous circumstance of an appeal by the prevailing party, Lowe. In qualified recognition of this position, he does concede in his brief that the April 17 order granted him the relief he sought and his arguments support affirmance of the circuit court judgment while respondents' arguments would, in this realignment of positions, favor reversal.

The right to appeal is limited by Section 512.020, RSMo 1978 to aggrieved parties. One who is awarded the relief prayed is not an aggrieved party and may not appeal from the judgment in his favor.

*In re Marriage of Richardson*, 540 S.W.2d 227 (Mo.App.1976). Lowe therefore lacks standing to prosecute an appeal from the order of April 17 even were this court disposed to accept a tacit realignment of parties as a consequence of the mistaken assumptions regarding the sequence of orders in the trial court.

This is not to say that Lowe was without recourse when confronted with the court's order dated April 24 ostensibly depriving him of the prior judgment remanding the case for rehearing. He was a party adversely and injuriously affected and was aggrieved within the meaning of the statute despite the fact that the underlying judgment, whether dated April 17 or April 20, was in his favor. *Adair County v. Urban*, 268 S.W.2d 801 (Mo. banc 1954). Unfortunately, however, Lowe has not appealed from the order of April 24 but, to the contrary, he has addressed the issues in the case on an assumption that the order was valid and proper and it stands unchallenged by Lowe as appellant.

The foregoing circumstances deprive this court of jurisdiction to consider Lowe's original claim to unemployment benefits on the merits either as ruled in the judgment of January 8, 1979 or in the judgment of April 17, 1979. From the analysis made, however, it is apparent that the order of April 24, 1979 was without dispositional effect and that the final judgment in the case is now and has been, since entered, that which bears the record date of April 17, 1979. Accordingly, the appeal is dismissed and the case is remanded to the circuit court for further proceedings in accordance with the judgment entry of April 17, 1979.

All concur.