**Ondrea M. OVERBY, Respondent,**

v.

**William Paul OVERBY, Appellant.**

No. 48605.

Missouri Court of Appeals,
Eastern District.

Dec. 11, 1984.

Charles R. Oldham, St. Louis, for appellant.

Carl I. Katzen, St. Louis, for respondent.

REINHARD, Chief Judge.

Wife appeals from an amended judgment of the circuit court reducing husband's

child support obligations. We reverse and remand with directions.

The parties were divorced in March 1982 and husband was ordered to pay child support to the wife in the sum of fifty-five dollars per week per child for the parties' two children. In August of 1982, husband filed an amended motion to modify which requested, among other things, a reduction in his child support obligation. Wife's amended answer requested denial of the motion and prayed for attorney's fees and costs. A hearing on the motion was held on August 18, 1983. Only the husband testified.

The trial court entered an order on December 22, 1983, providing in part:

The court having considered the record, the testimony, and the evidence adduced and entered into the record, now finds:

.... that there has been a showing of changed circumstances so substantial and continuing as to make the provisions of the decree respecting support unreasonable: due to the changed economic conditions of the respondent.

Accordingly, the court orders, adjudges, and decrees: The following modifications are made to the original decree and all subsequent decrees:

A. Henceforth, Petitioner [wife] shall have and recover of Respondent [husband] the sum of $65.00 Dollars per week/per minor child ....

No post-trial motions were filed, and no appeal was taken from the order.

On March 13, 1984, the trial court entered the following:

### AMENDED ORDER AND JUDGMENT OF COURT

On this 18th day of August, 1983, this cause was called and evidence adduced on behalf of Petitioner and Respondent....

The court finds that there has been a substantial and continuing change as to the financial condition of the Respondent, which renders the previous Order of Support unreasonable.

The Court orders that the previous Order of Support be reduced to $65.00 per week for the two children of the marriage ... or $32.50 per week per child.

Costs assessed against Respondent.

Wife appeals from this order, claiming that the court no longer had jurisdiction to amend its judgment of December 22, 1983. Wife also contends the amended order is against the weight of the evidence.

■ We need not reach wife's second contention, for we agree that the trial court did not have jurisdiction to enter the amended judgment. Under Rule 75.01, the trial court retains control over a judgment for thirty days after entry of the judgment. Because more than thirty days expired from the order of December 22, 1983, the court no longer had jurisdiction when the "amended order and judgment" was filed. However, when a clerical error has been made in recording the judgment of the trial court, lapse of time does not bar the court from correcting the record nunc pro tunc to reflect its prior actions. *First National Bank of Collinsville v. Goldfarb*, 527 S.W.2d 427 (Mo.App.1975). Here, husband argues that the order of March 13 was actually a correction nunc pro tunc of a clerical error, and it therefore fits within this exception to the 30-day jurisdictional rule.[1] We disagree.

■ Nunc pro tunc proceedings may be used only to correct clerical mistakes in recording the judgment rendered, and may not be used to correct judicial mistakes, or to show what the court intended to do but did not do. *First National Bank of Collinsville v. Goldfarb*, 527 S.W.2d 427, 430 (Mo.App.1975). A nunc pro tunc order cannot be used to render a judgment different from that actually rendered, even though the judgment rendered was not the judgment the judge intended to render. *War-*

---

1. Husband also claims that appellant's notice of appeal was not timely filed. This point is with-

out merit. Rule 81.05; Rule 81.04(a).

*ren v. Drake,* 570 S.W.2d 803 (Mo.App. 1978); *Aronberg v. Aronberg,* 316 S.W.2d 675, 681 (Mo.App.1958). "To constitute a valid correction nunc pro tunc, ... the entry must show that it is based on some record ... supplying the facts which authorize the corrective entry." *Lowe v. Labor and Industrial Relations Commission,* 594 S.W.2d 365, 367 (Mo.App.1980).

██ Here, no motion for correction of the record nunc pro tunc was filed by either party after the order of December 22, 1983. Apparently, the court entered the order of March 13, 1984, without notice to the parties, and with no record indicating the basis for the new order. Indeed, no reference whatsoever was made to the December 22 order. We find no clear indication from the record that the judgment entered on December 22 was different from what the trial court actually rendered. Although rendition of that judgment may have been a judicial error, the trial court may not correct it after 30 days of its entry.

Reversed and remanded with directions to reinstate the original judgment entered.

DOWD, CRIST and CRANDALL, JJ., concur.