STATE of Missouri,
Plaintiff-Respondent,

v.

Virgil BYERS, Defendant-Appellant.

Nos. 50435, 51258.

Missouri Court of Appeals,
Eastern District,
Division One.

June 24, 1986.

Motion for Rehearing and/or
Transfer to Supreme Court
Denied July 23, 1986.

Lawrence O. Willbrand, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

CARL R. GAERTNER, Presiding Judge.

Defendant was charged by indictment with three counts of sexual abuse in the first degree. His motion to dismiss Count I was sustained. After a jury-waived trial he was found guilty on Counts II and III. The trial court suspended imposition of sentence and ordered defendant to be on probation for two years. Subsequently, the court found defendant to be in violation of the conditions of his probation and sentenced him to concurrent three year terms. Defendant appeals.

In a consolidated appeal defendant also challenges the granting of the state's motion to correct, nunc pro tunc, the order of probation which reflected that defendant had been convicted of "two counts of sexual abuse 3rd Deg. (Misd.)." We affirm.

We first address this latter appeal. On February 6, 1984, at the conclusion of the evidence the trial court announced its decision: "[T]his court finds the defendant guilty as to Count II and Count III of the offenses charged therein and I will order a pre-sentence investigation." The "offenses charged" were both sexual abuse in the first degree by reason of subjecting a child under the age of 12 to sexual contact. Sec. 566.100.1(2). On that same date an entry was made on the judge's docket sheet: "defendant found guilty on Counts II and III by the court." The entry made on the judge's docket sheet on March 23, 1984, when defendant was granted probation, recites "pursuant to the finding defendant Virgil G. Byers guilty on Counts II and III by the court heretofore rendered on February 6, 1984, as to Count II 'sexual abuse first degree' imposition of sentence suspended for two years. As to Count III 'sexual abuse first degree' imposition of sentence suspended for two years."

On March 26, 1984, an order of probation dated March 23, 1984, was filed. This document is a printed form with blank spaces filled in by typewriting. In the space behind the word "OFFENSE" is typed "T.C: two counts sexual abuse third Deg. (Misd.)."[1]

On July 12, 1985, after a revocation hearing, the sentence and judgment rendered by the court explicitly refers to the conviction of two counts of sexual abuse in the first degree.

---

1. The record does not reflect who prepared the order of probation. It contains what appears to be a rubber stamped signature above the typewritten name "Honorable Brenda [sic] Ryan."

Viewed in the light of the total record, it is obvious the entry typed into the standard order of probation form was the very type of clerical error appropriately corrected by a nunc pro tunc order. The correction is based upon the court's pronouncement of its findings, the entries on the judge's docket sheet and the formal sentence and judgment. *See Lowe v. Labor and Industrial Relations Commission,* 594 S.W.2d 365, 367 (Mo.App.1980). It makes no change in the action taken by the court, but merely causes one court document to reflect the same action as shown by other documents. *See Cruces v. State,* 452 S.W.2d 180, 182 (Mo.1970). The fact that the document purports to contain the judge's signature, when the content of the document is refuted by all of the other records of the case, does not render the mistake judicial rather than clerical. Defendant's reliance on *Overby v. Overby,* 682 S.W.2d 872 (Mo.App. 1984) is misplaced. In *Overby,* the court entered an order for child support of $65.00 per week, per child. Three months later the court attempted to amend this judgment to read "$65.00 per week for the two children ... or $32.50 per week, per child." This court held that a nunc pro tunc order could not be used to correct a judicial mistake or to render a judgment different than that actually rendered. *Id.* at 873. The factual dissimilarity between *Overby* and the instant case is obvious. Defendant's appeal from the nunc pro tunc order is denied.

In Count II of the indictment defendant was charged with subjecting D.C., a person less than 12 years old, to sexual contact. Defendant makes no challenge to his conviction on this count other than his contention that he was found guilty by the court of the lesser included offense of sexual abuse, third degree, and therefore the three year sentence is excessive. Our disposition of the appeal from the nunc pro tunc order is dispositive of this contention.

Defendant does challenge the sufficiency of the evidence to support his conviction on Count III. In reviewing the evidence pursuant to such a challenge we accept as true all evidence favorable to the state, including all favorable inferences drawn from the evidence and disregard all evidence and inferences to the contrary. *State v. Edwards,* 657 S.W.2d 343, 346 (Mo.App., 1983).

Sexual abuse in the first degree involves the subjecting of a person less than 12 years of age to sexual contact. Sec. 566.-100.1(2), RSMo.1978. "Sexual contact," as used in Chapter 566 is defined as "any touching of the genitals or anus of any person, the breasts of any female person, or any such touching through the clothing, for the purpose of arousing or gratifying sexual desire of any person." Sec. 566.-010.1(3), RSMo.1978. The victim of the offense charged in Count III, a boy 11 years of age at the time of trial, described an incident in which defendant rubbed him through his clothing on "my private" and said "did you like that?" The fact the touching took place through clothing is irrelevant under the statute. The question asked together with the action certainly leads to an inference of a purpose to arouse or gratify sexual desire. Every element of the offense of sexual abuse in the first degree is present. We find the evidence amply supports the verdict.

Judgment affirmed.

SMITH and SNYDER, JJ., concur.