**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Virgil BYERS, Defendant-Appellant.**

**No. 50478.**

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 30, 1986.

Lawrence O. Willbrand, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Carrie Francke, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

CARL R. GAERTNER, Presiding Judge.

Defendant Virgil Byers was charged by information with first degree sexual abuse, a felony, and third degree assault, a misdemeanor. A jury convicted him on both counts, but because the trial court found he was a prior offender within the meaning of § 558.016, RSMo.Cum.Supp.1984, the trial court, and not the jury, imposed sentence. Defendant appeals raising two points.

Defendant asserts his conviction for sexual abuse cannot stand because no one actually identified him as the man who "grabbed" the seven-year-old victim's genitals and buttocks. The assertion is flatly refuted by the record. The victim's 11-year-old cousin testified she saw man grab the victim's "privacy," and she identified defendant in court as the man she observed. Defendant's first point is denied.

Defendant also challenges the trial court's determination that he is a prior offender. Section 558.016.2 defines a "prior offender" as "one who has pleaded guilty to or has been found guilty of one felony," and provides that prior offenders may be sentenced by the trial court, as opposed to the jury. The record shows the trial court based its finding of prior offender status on evidence that defendant had previously been convicted of two counts of sexual abuse in the first degree, a felony. Defendant protests, however, that the Order of Probation made in connection with these previous convictions states he was convicted of two counts of sexual abuse in the third degree, a misdemeanor, and that this statement induced him to believe, to his prejudice, that he was not a prior offender. The claim is spurious.

In *State v. Byers*, 713 S.W.2d 13 (Mo. App.1986), we affirmed the nunc pro tunc order that corrected the Order of Probation to which defendant refers. In that case, we noted that the indictment charged defendant with three counts of sexual abuse in the first degree, and that the entry on the judge's docket sheet on the date defendant was granted probation indicated defendant had been found guilty on two counts of "sexual abuse first degree." *Id.* at 14. The only reference to misdemeanor convictions appeared in the Order of Probation. *Id.* We concluded this reference was "the very type of clerical error appropriately corrected by a nunc pro tunc order." *Id.*

Because all pertinent documents in the prior case, save one, accurately reflected defendant was convicted of two counts of felony sexual abuse, we hold any reliance he may have placed on a clerical error in the remaining document was unreasonable. He certainly has failed to demonstrate any prejudice. Defendant's remaining point is therefore denied.

The judgment is affirmed.

SMITH and SNYDER, JJ., concur.