**STATE of Missouri,
Plaintiff-Respondent,**

**v.**

**Reginald OLIVER, Defendant-Appellant.**

**No. 14691.**

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 25, 1986.

William L. Webster, Atty. Gen., Kurt A. Hentz, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Nancy McKerrow, Columbia, for defendant-appellant.

Reginald Oliver, pro se.

PREWITT, Presiding Judge.

Defendant was convicted following jury trial of second-degree robbery and first-degree burglary and was sentenced to five years' imprisonment for each offense, the sentences to be served consecutively. He

appeals, presenting two points, one in a brief filed by his counsel and one in a pro se brief.

The point presented by his counsel contends that the trial court erred in giving the verdict directing instruction patterned after MAI–CR2d 23.04 in three respects:

(1) Paragraph second of the instruction contained two of the alternatives provided in MAI–CR2d 23.04 paragraph "Second",[1]

(2) The instruction referred to an alibi instruction and defendant claims that such a cross reference should only be given in cases where the evidence supports a "special negative defense" instruction, and alibi is not such a defense, and

(3) The instruction included the definition of "forcibly steals" from MAI–CR2d 33.01, even though that term is not used in the instruction, nor is it, according to defendant, a term that may be defined in accordance with MAI–CR2d 23.04, Notes on Use 3.

Respondent candidly admits that the instruction was erroneous in the particulars claimed but contends that the errors were not prejudicial. Therefore, assuming, but not deciding whether the instruction was erroneous, we move to a determination of whether the errors were prejudicial.

 The giving of an instruction in violation of the Notes on Use in MAI–CR constitutes error, its prejudicial effect to be judicially determined. Rule 28.02(e). Such error is deemed prejudicial unless the contrary clearly appears. *State v. Boyington*, 544 S.W.2d 300, 304 (Mo.App.1976). The burden is on the party deviating from MAI–CR to show that the deviation is not prejudicial. *State v. Phillips*, 583 S.W.2d 526, 530 (Mo. banc 1979). An appellate court reviews the instructions together to determine if there is prejudicial error in the submission of a particular instruction. *State v. Harris*, 602 S.W.2d 840, 847 (Mo. App.1980).

 The inclusion of more than one of the alternatives under paragraph "Second" adds to the state's burden. A criminal jury instruction which puts an additional burden on the state beyond that legally required is not prejudicial to the defendant. *State v. Lowery*, 565 S.W.2d 680, 683–684 (Mo.App. 1978).

The reference to the alibi instruction would further emphasize that instruction. We do not see how reference to the alibi instruction could, as defendant suggests, cause the jury to think that if they did not believe he was in another town when the offense occurred they should find the defendant guilty. Nothing in that instruction so indicates. That instruction is set out below.[2]

Defining "forcibly steals" was unnecessary, but we do not see how it could have misled or confused the jury. Neither would all of these errors taken together have been confusing. The issues in this case were simple. There is no dispute that robbery had occurred. Two men were involved in committing it. One participant admitted the incident and testified for the

---

1. The paragraph in the instruction given said: "Second, that the defendant, or Larry Coleman, in doing so used physical force on or against Dollie O'Guin for the purpose of overcoming resistance to the taking of the property, and preventing resistance to the keeping of the property immediately after the taking".

2 INSTRUCTION NO. <u>14</u>

One of the issues in this case is whether the defendant was present at the time and place the offense is alleged to have been committed. On that issue you are instructed as follows:

1. The state has the burden of proving beyond a reasonable doubt that the defendant was present at the time and place the offense is alleged to have been committed.

2. If the defendant was in Wyatt, Missouri, at the time the alleged offense was committed, or if you do not find and believe from the evidence beyond a reasonable doubt that the defendant was present at the time and place the offense is alleged to have been committed, then you must find the defendant not guilty.

state. The only contested question for the jury was whether defendant was the other participant. In determining whether defendant participated in the robbery, the errors should not have confused them.

In defendant's pro se brief he contends that the verdict directing instruction submitting first degree burglary was improper and prejudicial. We find nothing improper as contended and under the facts do not see how the errors claimed in that brief, even if they were errors, could have been prejudicial.

The judgment is affirmed.

HOGAN, FLANIGAN and MAUS, JJ., concur.