**STATE of Missouri, Plaintiff–Respondent,**

v.

**Michael Edward PATTON, Defendant–Appellant.**

No. 27792.

Missouri Court of Appeals, Southern District, Division Two.

July 30, 2007.

Donald R. Cooley, Springfield, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., and Joan E. Reed, Assistant Attorney General, Jefferson City, MO, for Respondent.

GARY W. LYNCH, Judge.

Michael Edward Patton ("Defendant") was found guilty following a bench trial of committing the class B felony of child molestation in the first degree. Section 566.067.[1] The court sentenced Defendant to a ten-year prison term but suspended execution of the sentence and placed him on supervised probation for five years. Defendant appeals his conviction, contending there was insufficient evidence to find him guilty of first-degree child molestation as it was charged in the felony informa-tion, because the evidence was undisputed that he did not touch the child directly with his hand, but only touched her through her clothing. Defendant argues that pursuant to section 566.010(3),[2] touching directly with the hand and touching through the clothing are two separate and distinct ways of committing "sexual contact" for purposes of section 566.067, and the felony information only charged him with touching directly with the hand. Because we find that the manner of touching is inconsequential and that there was sufficient evidence to support Defendant's conviction, we affirm.

### 1) Factual and Procedural Background

Defendant challenges only the sufficiency of the evidence to support the trial court's finding that he touched the child's vagina with his hand. He does not challenge the sufficiency of the evidence that he touched her "for the purpose of arousing or gratifying sexual desire[.]" *See* section 566.010(3). Viewing the evidence in the light most favorable to Defendant's conviction, *State v. Love,* 134 S.W.3d 719, 721 (Mo.App.2004), the following facts were adduced at trial.

On the evening of December 7, 2003, thirteen-year-old V.C. was riding in the back of a car headed from Branson to Springfield. She and her friends were returning from a Christmas formal held at a hotel in Branson that night and sponsored by their church. V.C.'s best friend, Hannah, and Defendant, who was Hannah's boyfriend, were riding in the back seat with V.C. Hannah and Defendant were college students in Springfield and quite a bit older than V.C., but they were very close friends of V.C.'s family because

---

**1.** All references to section 566.067 are to RSMo 2000.

**2.** All references to section 566.010(3) are to RSMo Cum.Supp.2003, unless otherwise noted.

they all belonged to the same church. As they were driving back to Springfield that night, V.C. fell asleep. At one point she awoke because Defendant, who was sitting next to her in the back seat, was groping her breast with his hand on top of her formal dress. V.C. reacted by squirming a little bit, and Defendant removed his hand and V.C. fell back asleep.

V.C. had planned on spending the night at Hannah's apartment, but when the group arrived back in Springfield, they all went to Defendant's apartment to watch a movie. They watched the movie in the living room with all of the lights turned off. V.C. and another girl were lying on a futon, Hannah and Defendant were sitting on the floor right in front of them, and a few other friends were also there. V.C. fell asleep on the futon about halfway through the movie, around 2 a.m. She awoke around 4 a.m. because somebody was running a hand up her leg, on top of the scrub pants she was wearing. The hand ran all the way up her leg to her crotch area and began stroking her vagina, on top of her scrub pants. She realized that it was Defendant's hand, because she could see him sitting at the foot of the futon with his eyes open while he touched her. V.C. moved her body a little bit, and Defendant removed his hand. V.C. curled up into a ball and went back to sleep and did not tell anybody what had happened because she was scared.

The next morning V.C. rode to church with Hannah and Defendant. After the service V.C. rode home with her parents, and Hannah and Defendant came over to V.C.'s parents' house to watch football. While watching the game V.C. fell asleep on the couch cross-legged, holding a pillow in her lap. She awoke because Defendant was sitting next to her, stroking her stomach under her shirt. He quickly stuck his hand down the front of her pants and

underneath her underwear, but she jumped up from the couch before he reached her vagina. V.C. glared at Defendant and then stormed out of the living room. V.C.'s mother witnessed her do this, and later V.C. told her mother what had happened, after Hannah and Defendant left.

V.C.'s mother told her husband, and he confronted Defendant about a week later, asking him what had happened. Defendant admitted that he had touched V.C. inappropriately in the car on the way back from Branson, later that night while she was sleeping on the futon in his apartment, and also the next day at V.C.'s house watching football. V.C.'s father urged Defendant to seek professional help, and forbid him from contacting his family outside of seeing them at church.

The following March 2004, V.C.'s parents realized the incident had seriously affected V.C. emotionally and that she was going to need counseling. They decided to talk to their church minister about it, and both the minister and V.C.'s father reported the incident to Family Services. Thereafter V.C.'s father and the minister spoke with Defendant about the incident, and again Defendant admitted he had touched V.C. inappropriately those three times in December.

The next month, Corporal Robert Byrne of the Springfield Police Department met with Defendant to discuss the complaint filed by V.C.'s father. During this videotaped interview, Defendant again admitted that he touched V.C.'s breast and vagina. When the interview concluded, Defendant was not arrested and left the police station.

On January 11, 2005, the State charged Defendant by felony information with committing the class B felony of child molestation in the first degree in violation of section 566.067. The felony information

stated that "on or between the 1st day of December, 2003, and the 31st day of December, 2003, in the County of Greene, State of Missouri, the defendant subjected V.C., who was then less than fourteen years old to sexual contact; to wit, touching her vagina with his hand." Following a bench trial on April 10, 2006, the court found Defendant guilty of touching V.C. on the vaginal area through her clothing while she was sleeping on the futon, which constituted child molestation in the first degree. Defendant was sentenced on June 2, 2006, to a ten-year prison sentence, the execution of which was suspended, and he was placed on five years' supervised probation. This appeal followed.

## 2) Standard of Review

In a court-tried criminal case, the findings and conclusions of the trial court have the force and effect of a jury verdict. *Love,* 134 S.W.3d at 721. "If there is substantial evidence to support the findings of the trial court, its judgment is to be affirmed." *Id.* "In its review the appellate court accepts as true the evidence that tends to prove the defendant's guilt and all inferences favorable to the state. Contrary evidence and inferences are disregarded." *Id.*

## 3) Discussion

In his only point on appeal, Defendant contends the trial court erred in finding him guilty because there was insufficient evidence to convict him of the crime with which he was charged in the felony information, namely committing first-degree child molestation in violation of section 566.067 by subjecting V.C. to sexual con-

tact by touching her vagina with his hand. Defendant claims that the trial court found him guilty of first-degree child molestation by subjecting V.C. to sexual contact by touching her vagina *through her clothing,* a separate and distinct crime with which he was not charged. Defendant asserts that the trial court erred in finding him guilty of the crime charged in the felony information, because the evidence is undisputed that he did not touch V.C.'s vagina with his hand, but only touched her *through her clothing.*[3] Defendant does not challenge the sufficiency of the evidence that he touched her "for the purpose of arousing or gratifying sexual desire[.]" *See* section 566.010(3).

Defendant was convicted under section 566.067, which states: "A person commits the crime of child molestation in the first degree if he or she subjects another person who is less than fourteen years of age to sexual contact." Section 566.010(3) defines sexual contact as: "any touching of another person with the genitals or any touching of the genitals or anus of another person, or the breast of a female person, or such touching through the clothing, for the purpose of arousing or gratifying sexual desire of any person[.]" Defendant's argument centers around the phrase "or such touching through the clothing," which was added to the statute by amendment in 2002. In support of his argument, Defendant cites to case law that interpreted the definition of "sexual contact" in section 566.010(3) prior to its amendment in 2002. Those cases stated very clearly that sexual contact must occur through direct contact, *underneath* the clothing. See, e.g., *State v. Robinson,* 108 S.W.3d 689, 693 n. 2 (Mo.App.2003); *State v. Wallace,* 976

---

3. During oral argument, Defendant's counsel explained that Defendant is not claiming the felony information was insufficient, such that a bill of particulars was needed pursuant to Missouri Court Rule 23.04; Defendant con-

cedes that he was fully apprised of the charge. Defendant is only claiming that the crime for which he was found guilty is not the same crime that was charged in the information.

S.W.2d 24, 25 (Mo.App.1998). Defendant argues that as a result of that interpretation, the addition to the statute of the phrase "or such touching through the clothing" created a separate and distinct crime from touching beneath the clothing, and the State did not charge him with that crime. Defendant asserts that because the felony information charged him with "touching her vagina with his hand," the State had to prove that the touching occurred underneath the clothing in order to convict him.

Defendant's analysis fails to consider that from its enactment in 1977 up until 1994, section 566.010(3) included the phrase "or such touching through the clothing," just as it does now. In 1994 the statute was amended to remove that phrase, and in 2002 it was amended again to add the phrase back in. The case law interpreting the statute prior to the 1994 amendment held that the manner of touching, whether it occurs above or beneath the clothing, is entirely inconsequential as long as there is touching of the genitals for the purpose of sexual arousal.

In *State v. Potter*, 747 S.W.2d 300 (Mo. App.1988), the defendant argued that he was prejudiced by the State's deviation from a pattern jury instruction, because the jury instruction that was given allowed the jury to convict him of first-degree sexual abuse[4] whether they believed he touched the victim's genitals "through the clothing" or "against the skin." He argued that the jurors may have returned a less—than—unanimous verdict if some had found he touched the victim through her clothing while others had found he touched her against the skin. *Id.* This court affirmed the defendant's conviction, stating:

> In this case, there was but one act of "sexual contact" as defined in [section] 566.010.1(3).[5]—The gravamen of the offense was the touching of the genitals for the purpose of sexual arousal. Whether the touching was through the clothing or otherwise was inconsequential. Neither of the specific findings were essential to establish the offense. Submitting the alternatives in paragraph first of the instruction merely added to the State's burden and was not prejudicial to defendant. . . .

*Potter*, 747 S.W.2d at 306.

In *State v. Byers*, 713 S.W.2d 13 (Mo. App.1986), the defendant challenged the sufficiency of the evidence to support his conviction for first-degree sexual abuse under section 566.100.1(2), RSMo 1978.[6] The Eastern District affirmed the defendant's conviction, stating:

> "Sexual contact," as used in Chapter 566 is defined as "any touching of the genitals or anus of any person, the breasts of any female person, or any such touching through the clothing, for the purpose of arousing or gratifying sexual desire of any person." [Section] 566.010.1(3), RSMo.1978. The victim of the offense charged in Count III, a boy 11 years of age at the time of trial, described an incident in which defendant rubbed him

**4.** Section 566.100, RSMo 1986 stated, in relevant part: "1. A person commits the crime of sexual abuse in the first degree if . . . (2) He subjects another person who is less than twelve years old to sexual contact."

**5.** Section 566.010.1(3), RSMo 1986 read: " 'Sexual contact' means any touching of the genitals or anus of any person, or the breast of any female person, or any such touching

through the clothing, for the purpose of arousing or gratifying sexual desire of any person."

**6.** Section 566.100, RSMo 1978 stated in relevant part: "1. A person commits the crime of sexual abuse in the first degree if . . . (2) He subjects another person who is less than twelve years old to sexual contact."

through his clothing on "my private" and said "did you like that?" The fact the touching took place through clothing is irrelevant under the statute. The question asked together with the action certainly leads to an inference of a purpose to arouse or gratify sexual desire. Every element of the offense of sexual abuse in the first degree is present. We find the evidence amply supports the verdict.

*Byers,* 713 S.W.2d at 15.

In *State v. Mitchell,* 689 S.W.2d 143 (Mo.App.1985), the defendant appealed his conviction for first-degree burglary, contending that the trial court erred in failing to quash the amended information on which he was tried. The amended information charged that the defendant entered the premises "for the purpose of committing sexual abuse in the third degree therein" and did not further describe that intended act. *Id.* The defendant argued he was not fully apprised of the intent element of burglary because sexual abuse in the third degree is not easily understandable when read from an information. *Id.* This court affirmed the defendant's conviction, stating:

> Specific factual allegations are required when the statute in which the charge is based uses generic terms to describe a variety of factual formulations by which the offense may be committed. . . .

> Sexual abuse in the third degree is subjecting "another person to whom he is not married to sexual contact without that person's consent." [Section] 566.120.1, RSMo 1978. Sexual contact is "any touching of the genitals or anus of any person, or the breast of any female person, or any such touching through the clothing, for the purpose of arousing or gratifying sexual desire of any person." [Section] 566.010.1(3), RSMo

1978. Although the manner of touching may vary, the crime can only be committed one way. Thus, it is not subject to the "generic" rule on which defendant relies.

. . . .

> . . . As the information here followed the approved charge it complies with the requirements of Rule 23.01(b). Defendant was sufficiently apprised of what he was charged with that he could have defended against it.

*Mitchell,* 689 S.W.2d at 145 (internal citations omitted).

▉ We see no reason why these cases interpreting the language of section 566.010(3) exactly as it is written today should not control our review in this case. "[W]hen the legislature has repealed and reenacted a statute in a form in which it previously existed, the legislature is presumed to have adopted the construction placed upon the statute by the courts." *State ex rel. Steed v. Nolte,* 345 Mo. 1103, 138 S.W.2d 1016, 1019 (Mo.1940); *U.S. Cent. Underwriters Agency, Inc. v. Manchester Life and Cas. Mgmt. Corp.,* 952 S.W.2d 719, 722 (Mo.App.1997).

▉ The Western District appeared to agree in *Robinson, supra,* which was cited by Defendant in support of his argument. Although in that case the court was bound to follow the pre–2002 statutory interpretation of sexual contact requiring touching underneath the clothing, the court explained in a footnote:

> In 2002, the Missouri General Assembly amended the definition of sexual contact, inserting, after "female person," the language "or such touching through the clothing." Thus, any touching, as described in [section] 566.010(3), occurring either under or through the clothes of the victim would now constitute "sexual contact."

*Robinson,* 108 S.W.3d at 693 n. 2. Accordingly, we interpret the current version of

section 566.010(3) to define "sexual contact" as *any* touching of the genitals, whether above or beneath the clothing, that is done for the purpose of arousing or gratifying the sexual desire of any person. *See Potter, supra; Byers, supra; Mitchell, supra.*

██ In this case, the trial court found that Defendant committed first-degree child molestation when he touched V.C. on the vaginal area through her clothing while she was sleeping on the futon. Defendant concedes that the evidence is undisputed that he touched V.C. on the vagina through her clothing. As discussed above, it does not matter that the touching occurred through the clothing rather than underneath the clothing, because the crime can only be committed in one way: touching with the purpose to arouse or gratify sexual desire. *Potter, supra; Byers, supra; Mitchell, supra.* The information charged Defendant with subjecting "V.C., who was then less than fourteen years old to sexual contact; to wit, touching her vagina with his hand." Substantial evidence was presented at trial that Defendant touched V.C.'s vagina with his hand. The fact that a piece of cloth was between Defendant's hand and V.C.'s vagina is inconsequential. *Id.* As a result, the trial court did not err in finding Defendant was guilty of first-degree child molestation, because there was sufficient evidence to find that Defendant touched V.C.'s vagina with his hand. Defendant's point on appeal is denied.

### 4) Decision

The judgment of conviction is affirmed.

BATES, C.J., P.J., and BARNEY, J., concur.