**STATE of Missouri, Respondent,**

v.

**Michael L. GLOVER, Appellant.**

**No. KCD 28793.**

Missouri Court of Appeals, Kansas City District.

May 31, 1977.

Motion for Rehearing and/or Transfer Denied June 27, 1977.

Application to Transfer Denied Sept. 12, 1977.

Jon M. Krebbs, Asst. Public Defender, Liberty, for appellant.

John D. Ashcroft, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, P. J., and WASSERSTROM and TURNAGE, JJ.

PER CURIAM:

Defendant appeals from a conviction by jury of burglary second degree and stealing in connection therewith, with sentence of five years on the burglary and three years for the stealing. The trial court ordered those sentences to run consecutively.

The sole issue raised by defendant on appeal is the sufficiency of the information to charge a crime, it being contended that "the place of the crime and the articles allegedly stolen were not described with sufficient particularity to advise the defendant of the nature of the crime and defendant could not therefore prepare a defense thereto." The information, omitting formal parts, alleges that "on or about the 29th day of August A.D. 1975, at the County of Clay, in the State of Missouri, one Michael L. Glover did then and there wilfully and feloniously and knowingly and burglariously break and enter the dwelling house of John Gleason, the same being a place where diverse goods, wares, merchandise and other valuable things were kept and stored, with the felonious intent then and there to steal, and the said Michael L. Glover did then and there steal, take and carry away a portable television and an alarm clock, the property of John Gleason, without the consent of the owner and with the intent to convert the same to his own use and to permanently deprive the rightful owner of the use thereof . . .."

The case law of this state makes clear that a burglary may be alleged as here in the terms of the statute; that an information may describe a theft as stealing property of another without the latter's consent, and that it is not necessary to set forth a detailed specification of how the theft was perpetrated; and that a general description of the place where the crime occurred and the articles taken, such as the descriptions here, absent a motion by defendant for a bill of particulars, is sufficient. The trial court therefore properly proceeded in this case under the present information.

No error of law appears and an extended opinion would have no precedential value. The judgment is therefore affirmed under the provisions of Rule 84.16(b).