**STATE of Missouri,**
**Plaintiff-Respondent,**

v.

**Wyman ESTES, Defendant-Appellant.**

**No. 12344.**

Missouri Court of Appeals,
Southern District,
Division Two.

March 17, 1982.

John D. Ashcroft, Atty. Gen., Kelly Klopfenstein, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Richard T. Martin, Martin & Harned, Gainesville, for defendant-appellant.

PREWITT, Presiding Judge.

Defendant was tried before a jury and convicted of burglary and of stealing. He was sentenced to five years imprisonment for each offense; the sentences to run consecutively. He contends that the trial court erred in proceeding with the trial and in not excluding certain evidence because the state filed its untimely response to his request for disclosure on the morning of trial. He also contends that the trial court erred in permitting the state to endorse an additional witness that morning. Defendant contends that proceeding to trial at that time was prejudicial to him and denied him the fair trial guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 18(a) of the Missouri Constitution.

Defendant filed a request for disclosure by the state without court order pursuant to Rule 25.32, now Rule 25.03. The state made its response ten months later on the morning of trial. The state offered and the court admitted eight exhibits, notice of which was first given to defendant in the state's response to defendant's request for discovery. They consisted of six photographs of the building broken into and its contents, one photograph of the "cabin" where defendant was living at the time of the break-in and one photograph showing a gas tank. A witness testified that defendant obtained certain tools that he used in the break-in from under the gas tank. Herman Pierce, the sheriff of Ozark County, was listed as a witness in the state's response and that morning was endorsed as a witness on the information. Sheriff Pierce testified that after receiving a call, he went to the building that defendant was charged with breaking into and found that a door had been pried open and that a safe inside had been "peeled".

■ The state should have responded within ten days to defendant's request. Rule 25.02. However, the question of remedies for nondisclosure lies within the sound discretion of the trial court. *State v. Royal,* 610 S.W.2d 946, 951 (Mo. banc 1981). It is an abuse of discretion to fail to impose a sanction only where the admittance of the evidence results in a fundamental unfairness to defendant; the notion of fundamental unfairness is to be measured by whether the evidence or the discovery thereof would have affected the result of the trial. Id.

■ Exclusion of evidence not properly revealed pursuant to a request for disclosure is a matter for the trial court's discretion and defendant must show that the failure to produce the evidence earlier resulted in fundamental unfairness or prejudice to his substantial rights. *State v. Davis,* 556 S.W.2d 45, 47–48 (Mo. banc 1977). The trial court also has broad discretion in permitting the endorsement of additional witnesses on an information. *State v. Blake,* 620 S.W.2d 359, 360 (Mo. banc 1981).

■ Defendant relies primarily upon *State v. Blake,* supra, and *State v. Patterson,* 618 S.W.2d 664 (Mo. banc 1981). As we find no fundamental unfairness or prejudice to defendant's rights here, we do not believe the results of those cases are controlling. Defendant's counsel was given an opportunity to confer with the sheriff beforehand and there is nothing in the record which indicates any prejudice to defendant, or that the outcome of the trial could have been affected had the defendant known earlier that the sheriff was going to testify.

None of the evidence of which defendant complains in his point relied on directly linked him to the crimes with which he was charged. There was no dispute that the crimes occurred; the principal question for the jury to decide was whether defendant was one of the participants. Evidence that

he was one of the participants was supplied by testimony not related to the questions raised here. The record does not indicate that any of the photographs were inaccurate representations or otherwise improper or that had defendant seen the photographs earlier he could have made a successful challenge to one or more of them. Defendant has shown no prejudice or fundamental unfairness to him as a result of the state's late filing of its response to his discovery request, the late endorsement of Sheriff Pierce as a witness, nor the admission of the eight photographic exhibits.

The judgment is affirmed.

MAUS, C. J., and HOGAN and BILLINGS, JJ., concur.