STATE of Missouri,
Plaintiff-Respondent,

v.

Wesley Eugene FIELDS,
Defendant-Appellant.

No. 13396.

Missouri Court of Appeals,
Southern District,
Division Three.

March 27, 1984.

Application to Transfer Denied
May 17, 1984.

John D. Ashcroft, Atty. Gen., Frank A. Rubin, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Blair Buckley, Jr., Public Defender, Caruthersville, for defendant-appellant.

PREWITT, Judge.

Defendant was convicted of capital murder and sentenced to life imprisonment without eligibility for parole until he has served fifty years. See §§ 565.001 and 565.008, RSMo 1978. He was convicted of shooting and killing a man following a fight just outside a tavern. Defendant's principal defense at trial was that he was in an intoxicated and drugged condition that prevented him from acting knowingly or purposely at the time of the shooting. MAI–CR2d 3.30.1 was used in submitting this question to the jury.

On appeal defendant has two points. His first point states:

"I

The trial court committed plain error in permitting the prosecutor to elicit evidence of the defendant's post-arrest silence and to comment on it in final argument because it violated the defendant's constitutional and statutory rights not to testify and was used as evidence of guilt in that the prosecutor's comment was a reference to the defendant's failure to testify, was used to impeach the defendant's evidence of his intoxicated and drugged condition, and the defendant was prejudiced by the prosecutor's actions." Defendant's second point states:

"II

The trial court committed plain error in permitting the prosecutor to misstate the law in final argument when he told the jury that the defendant's request for a lawyer barred the State from testing the defendant for alcohol and drugs because it violated the defendant's constitutional right to due process of law in that it allowed the prosecutor to argue facts outside the scope of the evidence."

As both points complain regarding the same evidence and comments of the prosecutor, we consider them together.

■ Defendant asked for plain error review, aware that as no objection was made to the evidence and to the comments of the prosecuting attorney, these points were not preserved for appellate review. A party cannot fail to request relief, gamble on the verdict and then if adverse, request relief for the first time. *State v. Fanning,* 647 S.W.2d 177, 178 (Mo.App.1983).

■ The prosecutor elicited from an arresting officer that, when asked if he wanted to make a statement, defendant said he wanted a lawyer. In closing argument the prosecutor said that when this occurred the investigating officers could not thereafter require defendant to perform any sobriety tests. This argument was not made, as defendant asserts, to emphasize that he did not testify, but to contend, correctly or not, that the defendant's request for a lawyer stopped the arresting officers from giving him a "breathalyzer test" or any other tests to determine defendant's degree of intoxication. We do not see how these comments might have been understood by the jury as evidence of guilt. They were made in retaliation to defendant's counsel's comments in his argument that the arresting officers "didn't give him [defendant] any sobriety test." This argument of defendant's counsel appeared to imply that they did not because they knew such tests would show that defendant was grossly intoxicated. The prosecutor attempted to counter this argument by stating why no such test was given. A prosecutor can go further by way of retaliation than in the first instance. *State v. Bellew,* 586 S.W.2d 461, 463 (Mo.App.1979).

The remarks were brief and, even if they were improper, were not likely prejudicial to defendant's defense, and certainly were not severe enough to establish manifest injustice or miscarriage of justice creating plain error under Rule 30.20.

The judgment is affirmed.

GREENE, C.J., CROW, P.J., and HOGAN and MAUS, JJ., concur.