**STATE of Missouri,
Plaintiff-Respondent,**

v.

**David MANSFIELD,
Defendant-Appellant.**

No. 13285.

Missouri Court of Appeals,
Southern District,
Division Three.

March 30, 1984.

Motion for Rehearing Overruled and to Transfer to
Supreme Court Denied
April 17, 1984.

Application to Transfer Denied
May 15, 1984.

John D. Ashcroft, Atty. Gen., John J. Oldenburg, Jr., Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Nancy Hentig Narrow, Public Defender, Daniel A. Beatty, Asst. Public Defender, Benton, for defendant-appellant.

PREWITT, Judge.

Defendant was convicted of attempted capital murder and sentenced to imprisonment for ten years. He was charged with placing dynamite caps and dynamite in a pickup truck which caused an explosion when its owner, Frances Neporandny, started it. She was knocked unconscious and injured, but not killed. At the time of the explosion Mrs. Neporandny was attempting to collect back child support from her ex-husband, Eugene Musgraves. Defendant is his brother-in-law.

Defendant contends in his first point that the trial court erred in overruling his motion to suppress evidence regarding needle nose pliers seized by law enforcement personnel from his pickup. A test of them indicated that dynamite residue was on the tip of the jaws of the pliers. Defendant contends that the search of his vehicle was unreasonable, and, as it was done without a warrant, the pliers should not have been admitted into evidence.

Defendant had been seen near Mrs. Neporandny's pickup about one-and-one-half hours previous to the explosion and the officers went to his house to arrest him on a "Federal charge". He was not at home. His pickup was parked in front of his house. The officers had information that defendant was seen alongside Mrs. Neporandny's pickup in a pickup "fitting" the description of his pickup. An officer looked in the bed of the pickup, through the side windows, and, as he looked through the windshield, saw the pliers "lying on the dash" in front of the steering wheel. The pickup was unlocked with the windows up. The officer opened the door and removed the pliers.

The officer testified that he took the pliers because, from his experience in other bombings, he knew that this type of tool is needed to cut electrical wires. The pliers have a "cutting side" and the officer described them as "electrical-type pliers". A "little piece of wire" similar to wire found at the scene of the bombing was in the pliers at the time they were taken.

█ An officer may seize items without a warrant if (1) the evidence is observed in plain view while the officer is in a place where he has a right to be, (2) the discovery of the evidence is inadvertent, and (3) it is apparent to the officer that he has evidence before him. *State v. Bellah*, 603 S.W.2d 707, 709 (Mo.App.1980). An "advertent seizure" is where the discovery is anticipated as where the police know in

advance the location of the evidence and intend to seize it. Id.

[redacted] The pliers were in plain view in a place the officer had a right to be, the discovery was inadvertent in the sense that the officer did not know it would be there, and the pliers with the wire in it would indicate to the officer that he reasonably might have evidence before him. Cf. *Texas v. Brown,* 460 U.S. 730, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983). The seizure of the pliers was proper. This contention is denied.

Defendant contends in his second point that the trial court erred in overruling his objection to testimony by attorney Blair Buckley, Jr. Buckley had been representing Marshall Winberry, who was also charged with the bombing. Winberry had earlier been called as a witness by the state. Defendant asserts that allowing Buckley to testify was improper because Winberry had invoked the attorney-client privilege.

[redacted] There is no merit to this contention. The trial court sustained defendant's objection to Buckley's testimony except where third parties, primarily the sheriff, were present. There the attorney-client privilege obviously did not apply. See *State v. Fingers,* 564 S.W.2d 579, 582 (Mo.App. 1978). Moreover, by testifying, without objection, to communications and conversations with Buckley, Winberry previously waived the attorney-client privilege. *Hand v. State,* 447 S.W.2d 529, 531 (Mo.1969); *Simmons v. Universal Life Ins. Co.,* 227 Mo.App. 1238, 61 S.W.2d 382, 384 (1933). See also 81 Am.Jur.2d, Witnesses, § 226, p. 258; Annot., 51 A.L.R.2d 521, 529 (1957). This point is denied.

In his remaining point defendant contends that the trial court erred in overruling his objection to the admission and use by the state of a statement given by Winberry because the statement was not received by defendant's attorney until four days before trial. The statement implicated defendant in the bombing.

[redacted] Where there is a failure to make proper disclosure, the trial court can grant a continuance, exclude the evidence, or enter such other orders as it deems just under the circumstances; the action taken lies within the discretion of the trial court. *State v. Gooch,* 659 S.W.2d 342, 343 (Mo. App.1983). It is an abuse of discretion to fail to impose a sanction only where the admittance of the evidence results in fundamental unfairness to defendant; the notion of fundamental unfairness is to be measured by whether the evidence or the discovery thereof would have affected the result of the trial. *State v. Estes,* 631 S.W.2d 121, 122 (Mo.App.1982).

[redacted] A defendant must show that the failure to produce the evidence earlier resulted in fundamental unfairness or prejudice to his substantial rights. *State v. Estes,* supra, 631 S.W.2d at 122. No such showing was made here. There is nothing in the record even indicating that receiving the statement earlier could have changed defendant's trial tactics or affected the result of the trial or that the delay in receiving it in any way prejudiced defendant. This point is denied.

The judgment is affirmed.

CROW, P.J., and HOGAN and MAUS, JJ., concur.

GREENE, C.J., concurs in result.