STATE of Missouri, Plaintiff-Respondent,

v.

Jerry Ray MITCHELL, Defendant-Appellant.

No. 13797.

Missouri Court of Appeals, Southern District, Division Three.

April 11, 1985.

John D. Ashcroft, Atty. Gen., Mark A. Richardson, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Beth L. Moutrie, Sp. Asst. Public Defender, Doniphan, for defendant-appellant.

PREWITT, Chief Judge.

Defendant was convicted of burglary in the first degree and sentenced as a persistent offender to twenty-five years' imprisonment. He presents four points relied on which we consider in the order stated.

■ Defendant contends in his first point that the trial court erred in failing to quash the amended information on which he was tried. It charged that defendant entered the premises "for the purpose of committing sexual abuse in the third degree therein" and did not further describe that intended act. The information followed MACH–CR 23.50 and § 569.160, RSMo 1978. Defendant claims it should have been quashed as it failed to apprise him of the intent element of burglary because it did not set forth the facts constituting the crime of sexual abuse in the third degree. Defendant states in his brief, "Unlike the crime of stealing, for example, the crime of sexual abuse in the third degree is not one easily recognizable or understandable upon sight when read from an information."

Specific factual allegations are required when the statute in which the charge is based uses generic terms to describe a variety of factual formulations by which the offense may be committed. *State v. Mondaine*, 646 S.W.2d 372, 374 (Mo.App. 1982). See also *State v. Eckard*, 655 S.W.2d 596 (Mo.App.1983).

■ Sexual abuse in the third degree is subjecting "another person to whom he is not married to sexual contact without that person's consent." § 566.120.1, RSMo 1978. Sexual contact is "any touching of the genitals or anus of any person, or the breast of any female person, or any such touching through the clothing, for the purpose of arousing or gratifying sexual desire of any person." § 566.010.1(3), RSMo 1978. Although the manner of touching may vary, the crime can only be committed one way. Thus, it is not subject to the "generic" rule on which defendant relies.

Intent is rarely shown by direct evidence and usually is inferred from the circumstances. Generally, absent an admission, there would be no direct evidence of intent and it would be impossible to specifically know how a burglar planned to commit the intended crime. Often the offender would not know the specifics as to how it would be carried out before entering.

Rule 23.01(b) states what an indictment or information shall contain. As the information here followed the approved charge it complies with the requirements of Rule 23.01(b). Rule 23.01(e). Cf. also *State v. Reese*, 687 S.W.2d 635 (Mo.App.1985); *State v. Gilmore*, 617 S.W.2d 581, 584 (Mo. App.1981); *State v. Glover*, 554 S.W.2d 457, 458 (Mo.App.1977). Defendant was sufficiently apprised of what he was charged with that he could have defended against it. Point one is denied.

■ Defendant contends in his second point that the trial court erred by denying defendant's challenges for cause of three veniremen who answered affirmatively to "Are there any of you that believe that a man's girl friend would probably tell a lie for him under most circumstances?" Defendant contends that these persons did not enter upon jury service with an open mind, free from bias and prejudice.

Of course, a defendant's girl friend would be more likely to tell a lie to benefit him than she would for a stranger, but perhaps not if she believed he committed a crime intending to have sexual contact with someone else. Also, the question asked the jurors did not cover the situation where a girl friend would be under oath and subject to the penalties of perjury. Whether those jurors would have thought that she "would probably tell a lie" under those circumstances is not shown in the record. By these comments we are not suggesting that the initial question asked of the jurors on this subject was proper, or that by narrowing the question to a trial setting it would have been made proper. The jurors responded negatively when asked if they would "have trouble believing the testimony of a man's girl friend if it conflicted with other testimony, if you thought she was telling the truth?"

The trial court has wide discretion in determining the qualifications of a prospective juror, and its ruling will not be disturbed on appeal unless it constitutes a clear abuse of discretion. All doubt shall be resolved in favor of the trial court because it is in a better position to determine a challenge for cause than an appellate court. *State v. Hemphill*, 669 S.W.2d 633 (Mo.App.1984).

The question asked of the jurors did not establish that they could not give due consideration to defendant's girl friend's testimony. The trial judge was in a better position than we are to determine if they could fairly determine the facts, and we cannot say that he clearly abused his discretion. This point is denied.

■ Defendant contends in his third point that there was insufficient evidence to prove the crime as no evidence was presented showing defendant's purpose in entering the residence. Defendant asserts that as there was no evidence showing that defendant intended to commit sexual abuse in the third degree, his motion for judgment of acquittal should have been sustained.

The intent element of burglary is generally not susceptible to direct proof. *State v. Simpson*, 670 S.W.2d 577, 579 (Mo.App. 1984). In reviewing to determine if the evidence was sufficient to support the charge, we accept as true all of the evidence favorable to the state, including all favorable inferences drawn from the evidence and disregard all evidence and inferences to the contrary. *State v. Morrison*, 659 S.W.2d 346, 347 (Mo.App.1983). On this standard the evidence was sufficient.

On August 1, 1983, at approximately 2:00 a.m., Cecelia West was asleep in bed alone, in a mobile home. Also in the mobile home were her mother, father, and her son. At that time she was awakened by defendant touching her "between the legs". He was naked, sitting on the floor. She knew defendant and asked him how he got in. He told her to forget about that, and then she told him to get out. Defendant had not been given permission to enter the mobile home, or to touch her as he did. He kept sitting there, so West left. She went down the hallway and woke up her mother, and then went back to her room as defendant was putting on his pants. Defendant then came out of the room and left the mobile home through one of its doors. The screen had been pushed off and locks on that door broken. West knew defendant because her brother lives with defendant's girl friend's family about two miles away. Defendant was living there also. About two weeks previously he had come by her mobile home and asked her to go out with him and his girl friend. She declined.

Defendant may have had a purpose beyond the touching, but the jury could have reasonably found he entered with at least that in mind. There was no indication of any purpose other than sexual. How he awoke Mrs. West indicates that defendant intended to, and perhaps did, commit sexual abuse in the third degree. We conclude that the evidence was sufficient to show defendant's intent. Point three is denied.

■ For his fourth point defendant asserts that the trial court erred in allowing a rebuttal witness to testify because he had not been disclosed to defendant. Defendant claims that a proper motion for discovery had been made by him requesting the names of all persons who respondent intended to call as a witness, and this witness was not disclosed in its response.

At trial the objection to this witness was because he was not endorsed on the information. The relevant proceedings from the transcript are set forth below.* Both in

---

* MR. SCHULLER: Your Honor, the State calls as a rebuttal witness at this time, Gary Miller.

MISS MOUTRIE: Judge, I object to calling Mr. Miller as a rebuttal witness as Mr. Miller was never endorsed as a witness. I never received any notice that Mr. Miller would testify here today. No formal notice whatsoever in discovery or later endorsement as a witness.

MR. SCHULLER: Your Honor, I believe by definition a rebuttal witness is somebody you don't know if you're going to call until after the evidence in the case is presented. I believe the

her first statement and last one on this question the attorney for defendant objects because the witness was not endorsed. Mention is also made that he was not mentioned in discovery, but that appears to be informational or to show prejudice. It was not part of the objection. Except for plain error, we only consider matters presented to the trial court. *State v. Fields*, 668 S.W.2d 257, 258 (Mo.App.1984).

■■■ There is no merit to the contention that the witness had to be endorsed. Whether a person may be a proper rebuttal witness is determined by the trial court without regard to the witness endorsement requirement. *State v. Mitchell*, 622 S.W.2d 791, 797 (Mo.App.1981). However, the rules of discovery prescribe that an undisclosed prosecution witness may not be called to rebut defendant's alibi. *State v. Lutjen*, 661 S.W.2d 845, 849 (Mo.App.1983). See also *State v. Sanner*, 655 S.W.2d 868, 878 (Mo.App.1983).

Other than defendant's attorney's statement in the discussion of the rebuttal witness set out marginally, the record does not indicate what discovery was undertaken or how respondent responded to it. Respondent has not admitted that it violated the discovery rules. As there is nothing in the record showing that it did, even if the failure to disclose the witness was properly raised or is plain error, a violation of the discovery rules is not established.

■■■ Further, assuming that the state did not properly disclose the witness, no prejudicial error or plain error was shown. When proper disclosure is not made, the trial court can grant a continuance, exclude the evidence, or enter such other orders as it deems just under the circumstances; the

action taken being within the discretion of the trial court. *State v. Mansfield*, 668 S.W.2d 271, 273 (Mo.App.1984). It is an abuse of discretion to fail to impose a sanction only where the admittance of the evidence results in fundamental unfairness to defendant; the notion of fundamental unfairness is to be measured by whether the evidence or the discovery thereof would have affected the result of the trial. *Id.* A defendant must show that the failure to disclose the evidence resulted in fundamental unfairness or prejudice to his substantial rights. *Id.* No such showing and no abuse of discretion is established here. The point is denied.

The judgment is affirmed.

CROW, P.J., and TITUS, FLANIGAN and MAUS, JJ., concur.

---

law is that rebuttal witnesses don't need to be endorsed on the Information.

MISS MOUTRIE: Judge, you can endorse witnesses and have no intention of calling them but there should be some notice whether or not this witness is available or whether this witness may be called. You certainly don't have to say I'm going to call this witness and have to call them but I believe all possible witnesses should be endorsed or should be disclosed prior to trial.

MR. SCHULLER: There's no way to know who all could possibly testify. I thought she

would testify in regard to her prior testimony, she didn't, and I'm going to have to call him as a rebuttal witness.

MISS MOUTRIE: There's always that possibility that a rebuttal witness is going to have to be called and you know ahead of time who could be a rebuttal witness. It is simple to have a witness endorsed ahead of time.

MR. SCHULLER: I stand on my statement.

THE COURT: The objection is overruled.