**STATE of Missouri, Plaintiff-Respondent,**

v.

**William R. SMITH, Defendant-Appellant.**

**Nos. 51017, 51026.**

Missouri Court of Appeals, Eastern District, Division Four.

March 31, 1987.

Michael M. Frank, Clayton, Mark D. Hirschfeld, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Timothy W. Anderson, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

CARL R. GAERTNER, Presiding Judge.

Defendant was convicted of sodomy under § 566.060.3, RSMo.Cum.Supp.1984, after a trial by jury. He appeals, stating as grounds for reversal: (1) the denial of his constitutional right to confront the primary witness against him, (2) the erroneous admission of evidence of his confession, (3) the failure of the state to produce, pursuant to his request, photos of defendant used as exhibits at trial and a transcript of a taped confession and (4) trial court error in overruling defendant's motion for a judgment of acquittal based on the lack of sufficient credible evidence to support his conviction.

As defendant contends the state failed to make a submissible case, we view the evidence in the light most favorable to the state and disregard all evidence and inferences to the contrary. *State v. Thomas,* 670 S.W.2d 138, 139 (Mo.App.1984). Defendant was employed by the Normandy School District, and was working at Harri-

son Elementary School the day of the incident in question. On January 30, 1985, nine year old S.B., a student at Harrison, was in reading class when she developed a case of hiccups. She left the classroom with permission about 1:30 to get a drink of water. As she was walking down the steps to the basement, a man she later identified as defendant told her to "come here." She then hurried into the girls restroom. Defendant followed her, pushing her into one of the stalls and closing the door behind them. He unbuttoned her knickerbockers, reached a hand inside her underwear and put his middle finger in her vagina. Afterwards, defendant told the girl not to tell her mother because she wouldn't like her anymore. She returned to her reading room once she thought defendant was gone.

After school, she told several friends, her mother and the school principal what had happened. She gave a detailed description of her assailant to the police at her home later that day.

The day after the incident, defendant was interviewed at his work by a Detective Larkin of the St. Louis County Police. Defendant was informed of his constitutional rights at the beginning of questioning, and stated he understood them. Defendant was taken to the police station about 4:00 p.m. and prior to the resumption of questioning was read his constitutional rights and waived them by initialling and signing a warning and waiver form. At 5:45 p.m. defendant confessed to the offense. That confession was tape-recorded and played before the jury.

■ Defendant's first point is that the trial court erred in overruling his motion for a new trial on the ground that his right to confront the witnesses against him, as provided in the United States and Missouri Constitutions, was violated. In particular,

he relies on the state guarantee that "the accused shall have the right ... to meet the witnesses against him face to face." Mo. Const. Art. I, § 18. The record is devoid of evidence to support defendant's contention that the prosecutrix had her back to defendant and faced the jury during any of her testimony.[1] The record merely shows that after repeated requests by the trial judge to speak louder, S.B. was "moved to a chair in front of the jury box." She remained seated there throughout extensive direct, cross, redirect and recross examination. No objection to this procedure nor complaint about S.B.'s positioning was raised during the trial. No request was made by defendant to change his position in the courtroom to give him better vision of the witness. Failure to assert an objection based upon the denial of the right of confrontation at the earliest opportunity constitutes a waiver of that objection. *State v. Caffey*, 404 S.W.2d 171, 176 (Mo. 1966).

■ Defendant acknowledges his failure to raise this objection at trial has preserved nothing for appellate review and he asks us to consider the contention as plain error under Rule 30.20. We decline this invitation as we see no "manifest injustice or miscarriage of justice" as a result of seating the young witness closer to the jurors. Under the circumstances of this case we refuse to give the "face-to-face" terminology of Art. 1, § 18 the literal application demanded by defendant. This article of the Missouri Constitution protects the same right as the Sixth Amendment to the United States Constitution. *State v. Jackson*, 495 S.W.2d 80, 83 (Mo.App.1973). In Jackson, the court adopted as the rationale underlying this protection of both the federal and the state constitution the expression of the Supreme Court of the United States in

---

1. In a motion to supplement the record on appeal, which was taken with the case, defendant seeks to introduce the affidavit of one of the jurors to clarify the relative positions of the parties during the testimony of S.B. Rule 30.-04(h) provides for the filing of a supplemental record on appeal "by stipulation" or upon direction of the appellate court. Accordingly, we deny the ex parte motion of appellant. Nevertheless, because both parties have taken the position in this court that the location from which S.B. testified in relation to the position where defendant was seated in the courtroom was not "face to face" we will consider that fact as though it were established by the record.

*Mattox v. U.S.*, 156 U.S. 237, 242–43, 155 S.Ct. 337, 339, 39 L.Ed. 409 (1895).

> The primary object of the constitutional provision in question was to prevent depositions or ex parte affidavits such as were sometimes admitted in civil cases, being used against the prisoner in lieu of a personal examination and cross-examination of the witness, in which the accused has an opportunity, not only of testing the recollection and sifting the conscience of the witness, but of compelling him to stand face to face with the jury in order that they may look at him, and judge by his demeanor upon the stand and the manner in which he gives his testimony whether he is worthy of belief.

*State v. Jackson*, 495 S.W.2d at 84.

In this case S.B. was subjected to extensive cross-examination face-to-face with the jurors who, at close range, could judge her demeanor and the manner in which she gave her testimony. We see no prejudicial error, plain or otherwise, in this procedure.

█ In his second point, defendant argues that certain incriminating statements made by him were improperly admitted because the state failed to sustain its burden of showing they were voluntary. As the statements at issue were made while defendant was in police custody, the state bears the burden of proving the confession was voluntary by a preponderance of the evidence. *State v. Hughes*, 596 S.W.2d 723, 726 (Mo. banc 1980). "On appeal, the question is 'whether the evidence was sufficient to sustain the trial court's finding that the statement was voluntarily made.'" *Hughes*, 596 S.W.2d at 727, (citing *State v. Alewine*, 474 S.W.2d 848, 852 (Mo.1971)). Under this standard, we find no error in the admission of defendant's confession.

█ It is undisputed that defendant was informed of his constitutional rights several times during the questioning, which began at 2:05 p.m. at his place of employment. Approximately 4:00 p.m., defendant was arrested and transported to the police station where he signed a waiver and warning form, acknowledging therein that he had been informed of and understood his constitutional rights and that no coercion of any kind had been used against him. About 5:45 p.m. defendant confessed and several minutes later the confession was taped with defendant's knowledge.

Defendant is a diabetic, and he testified that he must take insulin twice a day, at about 5 a.m. and about 5 p.m. The day of the incident, he took the morning injection at 4:20 a.m. and did not have the evening dose until after his confession. Defendant argues that as a result of the lack of insulin, his mental capacity was substantially impaired when he waived his constitutional rights and made the incriminating statement. Defendant's personal physician and a physician familiar with the treatment and care of diabetes testified with respect to a hypothetical question describing defendant's situation on the day of his confession. Both concluded that defendant's judgment and mental ability would have been impaired by the time of the inculpatory statements.

The state offered no expert medical testimony, but the detective who conducted the interrogation testified that defendant was given regular breaks during the questioning, was offered liquid refreshment and was told that any necessary medication would be provided free of charge after an examination by a physician. Further, he stated that at no time during the questioning did defendant act unusually or request any medication. Moreover, the detective also testified that defendant told the police that although he ordinarily took his insulin around 5 p.m., many times with overtime on the job he did not take it until several hours later.

By denying defendant's pre-trial motion to suppress after evidentiary hearing, the trial court inferentially discredited defendant's evidence. A similar inference may be drawn from the verdict of the jury.[2]

---

2. Although the legal file does not include the instructions, the transcript indicates MAI–CR 2d 3.44, directing the jury to disregard the confession if they did not believe the defendant understood what he was saying or that the statement was not freely or voluntarily made, was given.

In determining the sufficiency of the evidence to sustain the trial court's ruling, we must give deference to its assessment of the credibility of the witnesses. *State v. Sanner*, 655 S.W.2d 868, 873 (Mo.App. 1983). Under the evidence in this case, we hold the state met its burden of proof and defendant's confession was therefore properly admitted. Point denied.

■ Defendant's third point is that the trial court erroneously overruled his motion for a new trial on the grounds that certain photographs were erroneously admitted and the failure of the state to provide him with a transcript of the taped confession. First, the photographs. Prior to the commencement of the trial, defendant objected to the use by the state of five photographs taken of appellant on the day of his arrest. The photographs were of his clothing, glasses, soiled fingernails and his missing tooth, all specific details included in the description given by S.B. of her assailant. Defendant's objection was only that the photographs were not in the prosecutor's file when it was made available in response to a request for discovery and that defense counsel had not seen the photographs until just before trial. The trial court refused to make a ruling at that time and cautioned counsel to make his objection when the exhibits were offered. The objection made at the time was "I make the same objection I made previously to all these objections [sic]." At no time did the defendant ask that any specific sanction be imposed by the court pursuant to Rule 25.16. Neither to the trial court nor to us does he suggest any prejudice or surprise because of the introduction of these photographs.

Under Rule 25.03 the state had a continuing duty to disclose to defendant in response to his motion for discovery, but the imposition of any sanction for failure to comply with the rule was within the discretion of the trial court. Rule 25.16; *State v. Johnson*, 615 S.W.2d 534, 542 (Mo.App. 1981). It is an abuse of that discretion "only where the admittance of the evidence results in fundamental unfairness to defendant; the notion of fundamental unfairness is to be measured by whether the evidence or the discovery thereof would have affected the result of the trial." *State v. Mansfield*, 668 S.W.2d 271, 273 (Mo.App.1984). Nothing in the record indicates the introduction of the photos had such an impact or prejudiced defendant in any way.

■ As to the transcript of the tape recorded confession, it was not introduced as an exhibit. Copies of the transcript were distributed to the jurors prior to the playing of the tape. The jury was cautioned by the trial court that the transcript was merely an aid for them in following the tape recorded statement, but was not evidence itself. *See State v. Engleman*, 653 S.W.2d 198, 200 (Mo.1983). No objection was made by the defendant. He points to no error in the transcript and fails to suggest any prejudice by reason of the procedure followed by the trial court. Point denied.

■ Finally, defendant contends the trial court erred in overruling his motion for acquittal. In determining the sufficiency of the evidence, we view it in the light most favorable to the state and reject all inferences to the contrary. *State v. Ball*, 622 S.W.2d 285, 291 (Mo.App.1981). The prosecutrix testified that defendant was the man who sodomized her, and she identified him at trial. The testimony of a single witness may be sufficient to constitute substantial evidence to make a submissible case. *State v. Williams*, 652 S.W.2d 102, 111 (Mo. banc 1983). The submissibility of the case is thus adequately supported by the record.

Judgment affirmed.

STEPHAN and SIMON, JJ., concur.