**STATE of Missouri, Plaintiff-Respondent,**

v.

**Dustin SHIPMAN, Defendant-Appellant.**

**No. 14879.**

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 30, 1987.

William L. Webster, Atty. Gen., Sara Trower, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

David Robards, Joplin, for defendant-appellant.

PREWITT, Presiding Judge.

Following jury trial defendant was convicted of burglary in the first degree and sentenced to seven years' imprisonment. He appeals, presenting two points relied on.

Defendant was charged with entering a house occupied by a woman and two children "for the purpose of committing sexual abuse in the third degree therein". In his first point defendant asserts that the trial court erred in failing to grant his motion for a judgment of acquittal because there was insufficient evidence to find that he entered the premises with the purpose of committing sexual abuse in the third degree.

In reviewing to determine if there was evidence to support the conviction, we ac-cept as true the evidence favorable to the state, including all reasonable inferences drawn from that evidence, and disregard evidence and inferences to the contrary. *State v. Molkenbur,* 723 S.W.2d 894, 895 (Mo.App.1987).

In the early morning hours of December 8, 1985, without permission from any of the inhabitants of the house, an intruder entered the room of a 14–year–old girl. He was wearing only undershorts and an unbuttoned short sleeved shirt. Apparently awakened by sounds of his entering, the girl saw him when he was 3 feet from her bed. She ran to another room to get her mother and the intruder fled. Defendant was identified as the intruder.

On January 5, 1985, on a street two blocks from the house, defendant was seen by two other females, clad in underwear and holding his penis in his hand. On November 21, 1985, the girl whose room was entered said defendant came to her house, knocked on her window, and then stood on the back porch of the house dressed in undershorts and a coat, patting his penis. The girl and defendant were acquainted as they had previously lived in the same neighborhood. Defendant was 19 at the time.

Sexual abuse in the third degree is subjecting "another person to whom he is not married to sexual contact without that person's consent." § 566.120.1, RSMo 1978. Sexual contact is "any touching of the genitals or anus of any person, or the breast of any female person, or any such touching through the clothing, for the purpose of arousing or gratifying sexual desire of any person." § 566.010.1(3), RSMo 1978.

Defendant contends there was no evidence that he entered the girl's room with sexual contact in mind and specifically no evidence that he entered intending to have sexual contact without the young girl's consent.

■ The intent of a person entering another's premises without permission is rarely shown by direct evidence and is usually inferred from the circumstances. *State v. Mitchell,* 689 S.W.2d 143, 146 (Mo. App.1985). In *State v. Mitchell,* supra, a

finding of intent to commit sexual abuse was sufficiently based on an impermissible entry and a young woman being awakened by a naked man touching her "between the legs". *Id.*

In *State v. Shroyer*, 104 Mo. 441, 16 S.W. 286 (1891), defendant entered a room, crawled over to a 14-year-old girl lying asleep on the floor, put his hand on her arm, lay close to her and began to unfasten his pants. When another girl in the room saw him and yelled, he left. The court found that there was sufficient evidence to find the defendant guilty of assault with intent to rape. *Id.* 16 S.W. at 287. See also *State v. Carter*, 718 S.W.2d 643 (Mo. App.1986); *State v. Corona*, 685 S.W.2d 931 (Mo.App.1985); *State v. Roden*, 674 S.W.2d 50 (Mo.App.1984); *State v. Thomas*, 670 S.W.2d 138 (Mo.App.1984).

■ Defendant knew the girl slightly and she admitted that she thought he was "cute". However, there is no indication in the evidence that he had any reason to think that she would consent to his having "sexual contact" with her. Defendant entered the house without permission and the jury may have considered that he would not have entered illegally if he thought he could get her consent. If she would not consent to his entering the house it is unlikely that she would have consented to sexual contact.

It could be inferred that defendant intended to do more than just expose portions of his anatomy to her as he had previously done that without entering the premises. It can be inferred that he had something more in mind. He may have intended to go further than sexual contact, but sexual contact was likely an intended prerequisite to his further intentions. The evidence was sufficient for the jury to find that defendant entered the premises for the purpose of committing sexual abuse in the third degree. This point is denied.

Defendant states in his remaining point that at the trial he was denied effective assistance of counsel in several particulars. After trial defendant discharged his trial counsel and employed new counsel who filed a motion for new trial and is now prosecuting this appeal.

■ The contention of ineffective assistance of counsel may be raised on direct appeal. *State v. Carr*, 687 S.W.2d 606, 611 (Mo.App.1985). However, it must be denied if the record is not sufficiently developed to determine if counsel was ineffective. Id.

Although generally such a contention may more properly be raised in a motion filed under Rule 27.26, defendant's brief indicates that he believes that he was able to sufficiently amplify the record at the hearing on his motion for new trial to fully present this claim. Therefore, we proceed to decide this point on its merits.

■ To sustain a claim of ineffective assistance of counsel defendant must establish that there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Tatum v. State*, 693 S.W.2d 903, 904 (Mo.App.1985).

■ The girl identified defendant as being the person who entered her room. After the intruder left the area, defendant's car was found parked alongside the house with a pair of boots and jeans lying in the front seat. The intruder was seen in the vicinity of the house by four people who identified him as defendant. Defendant complains that his trial counsel failed to advise him that these persons would identify him and failed to inform him that his alibi defense was weak.

Defense counsel testified, at a hearing on defendant's motion for new trial, that previous to the trial defendant always maintained his innocence and the attorney thought the eyewitness testimony was weak. There were indications that the young girl who said it was defendant in her room, and her brother who said he saw defendant just outside the house, were not sure who he was until later.

Although defendant complains that his trial counsel failed to vigorously assert lack of intent as a defense, the record indicates otherwise. Counsel brought out from the 14-year-old girl that she knew

defendant and thought he was cute, apparently to show that he might believe that he could enter her room or touch her with consent.

The trial judge who presided over the trial of this case is obviously in a better position than we are to determine whether defendant received effective assistance of counsel. He found that counsel was not ineffective. We have reviewed the entire record and agree with that finding. No lawyer ever tried a perfect case and most of the matters complained of appear to have been trial strategy.

The evidence was strong that defendant was the person in the house and the record does not indicate that there was a great deal that could have been done by way of defense, other than arguing inferences regarding the intruder's intent. On this record there is not a reasonable probability that the result would have been different had counsel proceeded as defendant says he should have. Point two is denied.

The judgment is affirmed.

HOGAN, FLANIGAN and MAUS, JJ., concur.