STATE of Missouri, Plaintiff–
Respondent,

v.

Xin Xu XIA, Defendant–Appellant.

No. 23937.

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 15, 2001.

Nancy A. McKerrow, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Susan L. Brown, Asst. Atty. Gen., Jefferson City, for respondent.

JOHN E. PARRISH, Judge.

Xin Xu Xia (defendant) was convicted following a jury trial of burglary in the first degree, § 569.160,[1] and attempt to commit sexual assault, §§ 564.011 and 566.040. He appeals contending the state failed to present evidence that proved, beyond a reasonable doubt, that he committed those offenses. This court affirms.

In the early morning hours of October 27, 1999, Ladonna Grubb awoke when she felt something brush against her leg. She saw a man standing next to her bed. He wore a blue T-shirt and a ski mask. He was otherwise unclothed. The intruder was holding the blankets that had covered Ms. Grubb. She screamed. He dropped the blankets, backed out of the room and ran. Ms. Grubb heard the intruder leave her apartment. She called 911 and reported the incident. Police Officer Kelly Patton came to her residence.

Ms. Grubb's apartment was located on a ground floor. It had a sliding glass door to the outside. Officer Patton searched the apartment. He noted that a security bar used to prevent the door from being opened from the outside was bent and ineffective.

Ms. Grubb left her apartment. She did not return until she was told a suspect, defendant, had been apprehended and was in custody. When she returned to her apartment, she discovered a note. The note had a sticker for a PlayStation on the back. Neither she nor her roommate had a PlayStation. The note stated, "Can I come over and make love to you some lonely night? Leave this on your window and I will."

On October 28, 1999, Cpl. Brian Disylvester, a detective with the Springfield, Missouri, police department interviewed defendant. The interview was videotaped. The tape was admitted in evidence and played to the jury. Defendant admitted riding his bicycle by Ms. Grubb's apartment and looking in her windows. He said he entered her apartment through a sliding glass door; that he removed his shoes and pants before entering the apartment. Defendant said he left his T-shirt on because it was cold. He admitted trying to become sexually aroused. He admitted that he lifted blankets under which Ms. Grubb was sleeping so he could look at her. After the interview, Detective Disylvester accompanied defendant back to defendant's apartment to retrieve the blue T-shirt and ski mask he had worn when he entered Ms. Grubb's apartment. Defendant produced the items for the detective. The T-shirt was in a bedroom on a weight bench. The ski mask was in a closet.

Defendant told Detective Disylvester that before he entered the apartment, he thought it would be nice to go in and have sex with the woman. He said that after he entered the apartment, it was different. It was like he wanted to be a part of her life.

Defendant moved for judgment of acquittal at the close of the state's case. The motion was denied. Defendant rested without presenting evidence and again moved, at the close of all evidence, for judgment of acquittal. It was denied.

■ Defendant presents one point on appeal. He contends the trial court erred in denying his motion for judgment of

---

1. References to statutes are to RSMo 1994, unless stated otherwise.

acquittal at the end of all the evidence and in sentencing him on convictions of burglary in the first degree and attempted sexual assault. He argues the state did not prove beyond a reasonable doubt that he committed the offenses; that the state's evidence was not sufficient to prove he entered the apartment "with the intent to commit a forcible rape or sexual assault, nor did the State provide sufficient evidence to support a reasonable inference that [defendant's] conduct amounted to a 'substantial step' toward the commission of a sexual assault."

On review, the Court accepts as true all of the evidence favorable to the state, including all favorable inferences drawn from the evidence, and disregards all evidence and inferences to the contrary. *State v. Strickland,* 609 S.W.2d 392, 395 (Mo.banc 1980). In reviewing a challenge to the sufficiency of the evidence, appellate review is limited to a determination of whether there is sufficient evidence from which a reasonable juror might have found the defendant guilty beyond a reasonable doubt. *State v. Kelly,* 539 S.W.2d 106, 109 (Mo.banc 1976); *State v. Chunn,* 701 S.W.2d 578, 580 (Mo.App.1985).

*State v. Dulany,* 781 S.W.2d 52, 55 (Mo. banc 1989).

### Burglary in the First Degree

Section 569.160.1 identifies the elements of burglary in the first degree. It states, as applicable here:

A person commits the crime of burglary in the first degree if he knowingly enters unlawfully . . . in a building or inhabitable structure for the purpose of committing a crime therein, and when in effecting entry or while in the building or inhabitable structure or in immediate flight therefrom, . . . .

. . .

(3) There is present in the structure another person who is not a participant in the crime.

▮ The only element of burglary in the first degree that defendant's point on appeal challenges is the requirement that defendant entered the apartment with the intent to commit rape or sexual assault. "Questions for decision on appeal are those stated in points relied on. A question not presented in that manner is not an issue for appellate review." *State v. Pagano,* 882 S.W.2d 326, 335 (Mo.App.1994). Thus, the only issue for review with respect to defendant's conviction of burglary in the first degree is whether there was evidence from which a reasonable juror might have found, beyond a reasonable doubt, that defendant intended to commit rape or sexual assault.

▮ "The intent of a person entering another's premises without permission is rarely shown by direct evidence and is usually inferred from the circumstances." *State v. Shipman,* 737 S.W.2d 267, 268 (Mo.App.1987). The jury was instructed it had to find that defendant entered the apartment "for the purpose of committing the crime of forcible rape or sexual assault therein" in order to find him guilty of burglary in the first degree. Forcible rape occurs when a "person has sexual intercourse with another person by the use of forcible compulsion." § 566.030.1, RSMo Cum.Supp.1999. "A person commits the crime of sexual assault if he has sexual intercourse with another person knowing that he does so without that person's consent." § 566.040.1.

Defendant was not acquainted with Ms. Grubb. Ms. Grubb did not know defendant. Defendant had not been invited into her apartment. Defendant told Detective Disylvester that before he entered the

apartment, he thought it would be nice to have sex with the woman in the apartment. Defendant rode his bicycle by the apartment the night before and looked in the windows—inferably he expected Ms. Grubb to be in the apartment. Defendant left a note in the apartment expressing a desire to have sexual intercourse. Defendant removed all his clothing, other than a T-shirt and a ski mask that covered his face, before entering the apartment. He lifted the covering under which Ms. Grubb was sleeping. There was sufficient evidence from which a reasonable juror could have found beyond a reasonable doubt that defendant entered the apartment intending to commit forcible rape or sexual assault

*Attempt to Commit Sexual Assault*

■ "A person is guilty of attempt to commit an offense when, with the purpose of committing the offense, he does any act which is a substantial step towards the commission of the offense. A '**substantial step**' is conduct which is strongly corroborative of the firmness of the actor's purpose to complete the commission of the offense." § 564.011.1.

As discussed with respect to defendant's conviction of burglary in the first degree, there was sufficient evidence for a reasonable juror to have found beyond a reasonable doubt that defendant intended to commit the offense of sexual assault. The remaining issue is whether there was sufficient evidence that defendant took a substantial step toward commission of the offense of sexual assault.

Defendant left a note in the apartment expressing a desire to have intercourse with the occupant of the apartment. He told Detective Disylvester that before he entered the apartment, he thought it would be nice to have sex with the woman in the apartment. That evidence, together with his unlawful entry into the apartment wearing only a T-shirt and ski mask, his lifting bed coverings off the sleeping occupant, and his attempts while in the apartment to become sexually aroused, was sufficient evidence for a reasonable juror to have found beyond a reasonable doubt that defendant took a substantial step toward commission of the offense of sexual assault. Defendant's point is denied. The judgment is affirmed.

GARRISON, P.J., and RAHMEYER, J., concur.