Jimmie Lee GOLLIDAY,
Plaintiff–Appellant,

v.

STATE of Missouri,
Defendant–Respondent.

No. 53857.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 2, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 7, 1988.

Application to Transfer Denied
Oct. 18, 1988.

James S. McKay, St. Louis, for plaintiff-appellant.

William L. Webster, Atty. Gen., Christopher M. Kehr, Asst. Atty. Gen., Jefferson City, for defendant-respondent.

DOWD, Presiding Judge.

Appellant Jimmie Lee Golliday appeals the denial of his Rule 27.26 motion after an evidentiary hearing. We affirm.

Appellant was convicted of one count of attempted robbery in the first degree and two counts of kidnapping by a jury in the Circuit Court in the City of St. Louis on August 15, 1980. The court sentenced appellant to three consecutive twenty-five year sentences. We affirmed appellant's kidnapping convictions and reversed and remanded his conviction for attempted robbery on direct appeal in *State v. Golliday,* 637 S.W.2d 106 (Mo.App.1982).

On September 10, 1985, appellant filed a *pro se* Rule 27.26 motion to vacate judgment and sentence. His appointed counsel filed a first amended Rule 27.26 motion and a second amended motion. An evidentiary hearing was held on all of appellant's contentions and claims on August 22, 1986 in the Circuit Court of the City of St. Louis before Judge Richard J. Mehan. The hearing court issued findings of fact and conclusions of law denying appellant the relief requested in his Rule 27.26 motion, and this appeal followed.

We note that appellate review of post-conviction relief sought in a motion to vacate is limited to the determination of whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 27.26(j) (repealed January 1, 1988). This court will find the findings of the motion court to be clearly erroneous only if a review of the entire record leaves this court with a definite and firm impression that a mistake has been made. *Richardson v. State,* 719 S.W.2d 912, 915 (Mo. App.1986).

In his sole point on appeal appellant contends the motion court erred in denying his ineffective assistance of counsel claim. Appellant argues his counsel's submission of the erroneous converse verdict directing instructions expanded the parameters for a guilty verdict and thereby prejudiced him.

To prevail on an ineffective assistance of counsel claim, the defendant must show that his counsel's representation fell below an objective standard of reasonableness, and as a result of his counsel's unprofessional errors, his defense was thereby prejudiced and the outcome of the proceedings would have been different. *Strickland v. Washington,* 466 U.S. 668, 687, 694, 104 S.Ct. 2052, 2064, 2068, 80 L.Ed.2d 674 (1984); *State v. Harvey,* 692 S.W.2d 290, 292 (Mo. banc 1985).

The basis of appellant's ineffective assistance of counsel claim is that his trial counsel's failure to notice the substitution of the words "removal" and "removed" for "confinement" and "confined" in his offered converse instructions prejudiced him. Appellant argues that the instructions must be presumed to have prejudiced him, because the instructions failed to negate the essential elements of the state's verdict director. The hearing court found there to be no basis to believe that defendant's conviction resulted from the defective converse instructions. We agree.

The evidence to support the kidnapping convictions was that defendant confined his two victims and forced them to accompany him in their car to their bank in order to withdraw money from their account. This count was submitted to the jury under an instruction drawn from MAI–CR2d 19.20.2, which read as follows:

As to Count II, if you find and believe from the evidence beyond a reasonable doubt:

First, that on September 8, 1979, between the hours of 8:00 a.m. and 9:00 a.m. in the City of St. Louis, State of Missouri, the defendant *confined* Ben Rogers for a substantial period, and

Second, that such *confinement* was without the consent of Ben Rogers by means of forcible compulsion, and

Third, that the defendant *confined* Ben Rogers for the purpose of facilitating the commission of robbery, then you will find the defendant guilty under Count II of kidnapping.

However, if you do not find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

If you do find the defendant guilty under Count II of kidnapping, you will assess and declare the punishment at

imprisonment for a term of years fixed by you but not less than five years and not to exceed fifteen years.

(emphasis added). In comparison the converse instructions offered by appellant drawn from MAI–CR2d 3.06 read as follows:

If you do not find and believe from the evidence beyond a reasonable doubt each and all of the following:

First, that on September 6, 1979, in the City of St. Louis, State of Missouri, the defendant *confined* Ben Rogers for a substantial period, and

Second, that such *removal* was without the consent of Ben Rogers by means of forcible compulsion, and

Third, that the defendant *removed* Ben Rogers for the purpose of facilitating the commission of robbery,

then you must find the defendant not guilty under Count II of kidnapping.

(emphasis added).

Appellant's trial counsel testified at the hearing that the words "removal" and "removed" were accidentally substituted for the words "confined" and "confinement" in appellant's converse instructions. Essentially this substitution of words applied the word "confined" to the first element of the converse instructions and applied the words "removal" and "removed" to the second and third elements of the converse instructions. Appellant failed to show how the offering of the instructions created an additional basis for guilt and how he was prejudiced by the giving of the converse instructions. To be found guilty of kidnapping under the verdict director given by the state, the jury had to find that appellant confined the victims without their consent with the purpose of facilitating the robbery. The giving of the converse instructions followed the verdict director. The wording of the converse instructions appears to require the jury to find both confinement and removal of the victims in order to find appellant guilty of kidnapping, not to append on an additional basis of guilt as appellant argues.

The evidence clearly demonstrated an absence of prejudice resulting from the wording of the converse instructions or any confusion on the part of the jury. Deviation from an applicable MAI–CR2d instruction is presumptively prejudicial unless the contrary is unequivocally demonstrated. *State v. Presley,* 694 S.W.2d 867, 872 (Mo. App.1985). The prejudicial effect of giving such an instruction is to be judicially determined, and this court reviews the instruction not in isolation, but in context with the other given instructions to determine if there is prejudicial error. *State v. Oliver,* 720 S.W.2d 45, 46 (Mo.App.1986).

In the case at bar, a review of the evidence indicates an absence of prejudice, because appellant confined his two victims and forced them to accompany him in their car to their bank in order to withdraw money from their account. The offense of kidnapping is defined in § 565.110, RSMo 1978, as the following: "A person commits the crime of kidnapping if he unlawfully removes another without his consent from the place where he is found or unlawfully confines another without his consent for a substantial period...." The verdict director only required the jury to find appellant confined the victims, not remove them, even though the evidence showed appellant confined the victims as well as removed them. In any event, the verdict directing instructions included a converse within each instruction so that the jury considered the converse at the same time as the verdict director. The converse instructed the jury to find defendant not guilty of the offense "if you do not find and believe from the evidence beyond a reasonable doubt each and all of these propositions." Considering the instructions as a whole and the evidence presented at trial, we find the wording of the converse instructions did not prejudice appellant, and therefore, appellant was not prejudiced by his counsel's failure to change the typographical errors before submitting the converse instructions.

Judgment affirmed.

SIMON and SIMEONE, JJ., concur.